Louis Rosenthal et al.

*v.*

Max Blatt.

[Submitted April 4th, 1912.   Decided May 2d, 1912.]

1. Under equitable principles, the chancery court will not enjoin alleged unfair competition by the use of a trade-name similar to complainants' name "London Shop," so far as complainants seek to benefit from a suggestion by their name that their stores are connected with a London store, which is untrue.

2. In a suit to restrain the use of the trade-name "Page of London," on the ground that its use amounts to unfair competition with complainants' business conducted under the name "London Shop," evidence *held* not to show that the use of its name tended to deceive the public, so as to be unfair competition.

3. There can be no exclusive right to the use of the word "London" as a trade-name.

4. The test of whether the use of a trade-name amounts to unfair competition is whether the public is likely to be deceived thereby.

On bill, &c., for injunction.

*Mr. Joseph B. Perskie* and *Messrs. Bolte & Sooy,* for the complainants.

*Mr. Eugene Schwinghammer* and *Mr. Clarence L. Goldenberg,* for the defendant.

Leaming, V. C.

Complainants are owners of a business conducted by them as partners in three certain stores fronting on the boardwalk in Atlantic City, the business in each store being conducted under the trade-name of "London Shop." The business so conducted is that of retail stores for the sale of gentlemen's furnishing goods, hats, caps and ladies' millinery. Since the establishment of complainants' business under the name stated, defendant has

established a store, fronting on the boardwalk, the business of which is being conducted under the trade-name of "Page of London." The business conducted by defendant is similar to that of complainants. Complainants now seek an injunction to prevent defendant from using the name "Page of London" in connection with defendant's business, alleging as a ground for relief that the name "London Shop" used by complainants has become favorably known to the public as complainants' trade-name, and that the use of the name "Page of London" by defendant is operative to deceive the public as to the identity of the several stores and to lead patrons of complainants' business to make purchases from defendant's store under the belief that that store is one of the stores operated by complainants.

On the application for a preliminary injunction, I summarized my view of the law controlling controversies of this class as follows:

"This court may appropriately protect a complainant against unfair competition when it is found that the defendant is conducting a business in such manner that there exists upon the part of defendant express or implied representations that the business conducted by defendant is that of complainant. The reputation and good will which a man acquires are property rights which are entitled to protection against wrongful invasion, and the public is entitled to protection against fraud. A trade-name appropriately used to designate a particular business of certain individuals will, in consequence, be protected. See *28 Am. & Eng. Encycl. L. (2d ed.) 345, 348*. The present inquiry is, therefore, whether defendants have adopted a trade-name so nearly resembling the trade-name of complainant as to deceive the public and injure complainant. It is manifest that the extent of resemblance of the names used is not the sole criterion. A name quite similar may be so used as not to deceive or injure; a name quite dissimilar may be used in such manner as to deceive and injure."

Preliminary relief was refused because it did not then appear with sufficient certainty that complainants' rights had been or would be materially invaded to justify this court in granting a preliminary injunction.

It will be observed at once that the names "London Shop" and "Page of London" bear no resemblance as names except such as arises by the use of the word "London" in each name. It should also be stated that the sign "Page of London" as used on the store of defendant contains no details of form or arrangement in imitation of the signs used on the stores of complainants, and the word "London" is not made more conspicuous in any of the signs used by either party than the remaining words of the signs; nor is there any similarity of design in the small engraving used by defendant and complainants respectively on their stationery and to mark their merchandise. Such infringement of complainants' rights as may exist is from the use of the word "London" in the manner already stated. Nor is there any evidence from which it can be properly determined that the trade-name adopted by defendant was by him selected because of any possible resemblance it might bear to the trade-name used by complainants. The common desire of the parties to use the word "London" appears to arise from a belief that its use gives character to the business of a haberdasher through the suggestion that the store is in some way connected with London or is especially equipped with London goods. Neither the stores of complainants nor the store of defendant are in any sense London stores and neither have substantial London connections. Their sole proprietors are residents of Atlantic City. They are, in fact, Atlantic City stores, but handle, in part, goods which have been imported from London. On well-established equitable principles it is manifest that to whatever extent complainants may seek to benefit from any suggestion which may be contained in their trade-name to the effect that their stores are branches of a London store this court can lend them no assistance.

But assuming that the name "London Shop" as used by complainants is wholly free from any criticism of the nature suggested, I am unable to conclude that defendant has entered the field of unfair competition in the use of the name "Page of London." As already stated, there is no resemblance between the two names used by the respective parties, except such as arises from the common use of the word "London;" and the only danger of confusion from the use of the two names appears

to me to arise from the possibility of a person observing the word "London" and paying little or no attention to the remaining part of either trade-name.

Complainants have received telephonic messages and mail relating to purchases made at defendant's store, and have received by express and otherwise goods which have been purchased at defendant's store accompanied with requests for their exchange or a return of the purchase price. In one instance a customer at one of the stores of complainants was sent to another store of complainants for a specific article and the customer went to defendant's store by mistake. These occurrences disclose some confusion which it is urged is to be attributed to a similarity of the two trade-names. It is quite possible that the confusion referred to has arisen from the use of the word "London" as a part of the trade-name of both contending parties; but such confusion is, in my judgment, to be more appropriately attributed to extreme carelessness and inattention upon the part of the customers who have made the specific errors referred to. Complainants have no property right to the exclusive use of the word "London" in connection with their business. They are only entitled to protection against unfair competition by defendant; they are entitled to be protected against defendant passing his goods or business as complainants' goods or business, and the test is whether or not the public is likely to be deceived. Concrete instances of confusion which can only be appropriately attributed to extreme carelessness or inattention on the part of customers are clearly inadequate to establish a similitude which does not in fact exist. I am unable to believe that the name "Page of London," used in the manner in which it is being used by defendant, is operative to deceive or mislead any reasonable person by reason of its resemblance to the name "London Shop," or to improperly divert complainants' trade.

I will advise an order dismissing the bill.